<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: SUPPORTIVE HEALTH, LLC, Debtor, | Civil Action No. 21-20464(SDW) |
| CARLINE BOLIVAR, | **OPINION** |
| Appellant, | March 22, 2022 |
| v. | |
| ERIC R. PERKINS, Chapter 7 Trustee, and ANDREW R. VARA, United States Trustee, | |
| Appellees. | |

**THIS MATTER** having come before the Court by way of *pro se* Appellant Carline Bolivar's ("Appellant" and sole member and manager of Supportive Health, LLC (the "Debtor")) appeal of the bankruptcy court's August 19, 2021 Order granting the United States Trustee's motion to convert the Debtor's case to a case under Chapter 7 of the Bankruptcy Code (the "Conversion Order"), and Eric R. Perkins, Chapter 7 Trustee and Andrew R. Vara, United States Trustee's ("Appellees") Motion to Dismiss Appellant's Appeal and Stay Merits Briefing; and this Court having carefully reviewed and considered Appellant's submissions; and

**WHEREAS** On June 22, 2021, Supportive Health, LLC (the "Debtor") filed a voluntary petition seeking relief under chapter 11 of the Bankruptcy Code. (*See* D.E. 4 at 1.)[1] On August

---

[1] All citations to "D.E." refer to docket entries in the instant appeal. The Court notes that because this appeal is in an early stage of development, Appellant has not submitted an actual appendix to which the Court may refer. Thus, the Court cites Appellant's Designation of Record on Appeal, D.E. 4.

11, 2021, the United States Trustee moved under 11 U.S.C. § 1112(b) for an order converting the Debtor's case to a case under Chapter 7 of the Bankruptcy Code or, in the alternative, dismissing the case. (*See* D.E. 4 at 2–3.) Then, on August 13, 2021, the United States Trustee filed a supplement and requested that the case be converted to chapter 7. (*See* D.E. 4 at 4.) After a hearing on the United States Trustee's motion, on August 19, 2021, the bankruptcy court entered an order converting the Debtor's case to a case under Chapter 7 of the Bankruptcy Code (the "Conversion Order"). (D.E. 1-2.) Thereafter, the United States Trustee appointed Eric J. Perkins to serve as the chapter 7 trustee in the Debtor's case. (*See* D.E. 4 at 5.) On December 10, 2021, Ms. Bolivar filed a notice of appeal of several orders, including the Conversion Order.[2] (*See* D.E. 1.) On February 4, 2022, Appellee Vara filed a Motion to Dismiss Appeal and Stay Merits Briefing, and on February 28, 2022, Appellee Perkins filed a Joinder to the Motion.[3] (*See* D.E. 7; D.E. 8.);

**WHEREAS** Under 28 U.S.C. § 158(c)(2), the Unites States District Court has jurisdiction to consider an appeal from a bankruptcy court order only if the notice of appeal is filed within the time provided by Federal Rule of Bankruptcy Procedure 8002. "Federal Rule of Bankruptcy Procedure 8002(a)(1) provides that, with limited exceptions not applicable here, 'a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed.'" *Lubetkin v. Wong,* (*In re 40 Lakeview Drive, LLC*), 716 F. App'x 136, 138 (3d Cir. 2018) (quoting Fed. R. Bankr. P. 8002(a)(1)). If an appeal is untimely, then a district court lacks jurisdiction over that appeal, and it must be dismissed. *See id.*; *see also In re Caterbone*, 640

---

[2] This opinion pertains only to Civil Action Number 21-20464 and does not address Appellant's other pending appeals, Civil Action Number 21-20502-SDW (appeal of order denying Ms. Bolivar's motion to dismiss) and Civil Action Number 21-20503-SDW (appeal of order deeming tenant's rents property of the bankruptcy estate).

[3] Appellant did not file a brief in opposition to Appellees' Motion, and Appellant did not file any merits briefing in support of her appeal.

F.3d 108 (3d Cir. 2011) (explaining that a district court lacks subject matter jurisdiction over an untimely appeal from a bankruptcy court's order pursuant to Federal Rule of Bankruptcy Procedure 8002(a)); *DeSoto v. Norris McLaughlin & Marcus, P.A.*, No. 11-646, 2011 WL 1431883, at *1 (D.N.J. Apr. 14, 2011) ("[F]ailure to file a timely notice of appeal amounts to a jurisdictional defect and bars district court review of a bankruptcy appeal.");

**WHEREAS** The bankruptcy court entered the Conversion Order on August 19, 2021. Therefore, to perfect an appeal of the Conversion Order, Appellant was required to file a notice of appeal by September 2, 2021 (within 14 days of the Conversion Order) or take one of three options provided under Rule 8002.[4]  Appellant, however, filed her notice of appeal on December 10, 2021—113 days after entry of the bankruptcy court's order, and the time to appeal that order was never stayed or extended as allowed in Bankruptcy Rule 8002(b) and (d).  (*See* D.E. 1.)

**WHEREAS** Appellant did not timely notice her appeal of the Conversion Order and the bankruptcy court did not extend her time to do so, this Court does not have jurisdiction to review that order; therefore

Appellees' Motion to Dismiss is **GRANTED**.[5]  Appellant's appeal is **DISMISSED**, pursuant to Federal Rule of Bankruptcy Procedure 8002.  An appropriate order follows.

                                                /s/ Susan D. Wigenton
                                        **United States District Judge**

Orig: Clerk
cc: Parties

---

[4] Rule 8002 provides the following options:  (i) file, within the 14-day appeal period, one of the four motions specified in Rule 8002(b)(1), which would have stayed the time to file an appeal; (ii) file, within the 14-day appeal period, a motion to extend the time to file an appeal under Rule 8002(d)(1)(A); or (iii) file, within 21 days after the expiration of the 14-day appeal period a motion to allow a late appeal upon a showing of excusable neglect under Rule 8002(d)(1)(B).

[5] In light of the appeal's dismissal and Appellant's failure to file a brief in opposition to the motion or a brief in support of the appeal, the request to stay is moot.